IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Civil Action No.: 7:23-CV-00006

| | |
|---|---|
| RONALD R. LOLLIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **CIVIL COMPLAINT** |
| v. ) | |
| ) | **DEMAND FOR JURY TRIAL** |
| ONLINE INFORMATION SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

NOW comes RONALD R. LOLLIS ("Plaintiff"), by and through the undersigned, complaining as to the conduct of ONLINE INFORMATION SERVICES, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages under to the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692 *et seq.* and under the North Carolina Collection Agency Act pursuant to § 58-70 *et seq.* ("NCCAA") for Respondent's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the NCCAA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Eastern District of North Carolina and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of North Carolina.

## PARTIES

4. Plaintiff is a consumer over-the-age of 18 and residing in Jacksonville, North Carolina, within the Eastern District of North Carolina.

5. Defendant is a third-party debt collector collecting debts from consumers across the country, including those in the state of North Carolina. Defendant is a corporation organized and existing under the laws of the state of North Carolina with its principal place of business located at 685 W Fire Tower Road, Winterville, NC 28590.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of Defendant's efforts to collect upon a purportedly defaulted consumer utility debt ("subject consumer debt") said to be owed by Plaintiff to WE ENERGIES.

8. Due to unforeseeable financial hardships, including contracting the COVID-19 virus, Plaintiff fell behind on his payments for the subject consumer debt.

9. Thereafter, Plaintiff began receiving collection calls to his cellular phone, (262) XXX-0640, from Defendant, seeking collection for the subject consumer debt.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber and owner of the cellular phone ending in -0640. Plaintiff is and always has been financially responsible for the cellular phone and its services.

11. Upon answering a call from Defendant, Plaintiff was informed that Defendant was seeking to collect upon a debt, yet Defendant did not identify themselves. Defendant has demanded that Plaintiff verify its identity throughout numerous calls, and has threatened to sue him.

12. Plaintiff was informed which debt Defendant was attempting to collect on by a letter sent to his home address.

13. Plaintiff explained that he was suffering financial hardships. Plaintiff further demanded that Defendant cease in calling him given his financial hardships and inability to make any payment.

14. However, Defendant disregarded Plaintiff's request and continued placing calls to Plaintiff's cellular phone.

15. Plaintiff has repeatedly demanded that Defendant cease in calling him, but to no avail.

16. Defendant has also placed calls to Plaintiff's cellular phone during the weekend while continuing its harassing collection campaign.

17. Plaintiff has received dozens of calls from Defendant despite Plaintiff's repeated demands that the calls cease.

18. Frustrated over Defendant's conduct, Plaintiff spoke with the undersigned regarding his rights, exhausting time, resources, and expenses.

19. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

20. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted collection telephone calls, emotional distress, and numerous violations of his state and federally-protected interests to be free from harassing and abusive debt collection conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

23. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

24. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed, due, or asserted to be owed or due to others, and is similarly a business whose principal purpose is the collection of debts.

25. The subject consumer debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA § 1692d *et seq.*, and 12 C.F.R. § 1006.14 *et seq.***

26. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

27. The newly amended Regulation F provides further guidance on what circumstances constitute harassing and oppressive debt collection conduct. 12 C.F.R. § 1006.14(b)(2) provides guidance on when calls are made repeatedly and continuously, and debt collectors are presumed to comply with these provisions if they follow certain guidelines. However, the commentary thereto confirms that this presumptive compliance can be rebutted by several factors, including "[t]he content of a person's prior communications with the debt collector." An example of facts

rebutting the presumptive compliance would be a prior indication that communications cease or that a consumer is otherwise unwilling to meet a debt collector's demand for payment. Additionally, pursuant to 12 C.F.R. § 1006.14(h), a debt collector cannot "communicate or attempt to communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person."

28. Defendant violated 15 U.S.C. §§ 1692d & 1692d(5), as well as 12 C.F.R. §§ 1006.14(b) & 1006.14(h), through its placement of phone calls to Plaintiff's cellular phone following his demands that such contacts cease. The regulations clarify that consumers who have requested calls to stop or otherwise expressed an unwillingness to comply with a debt collector's demand for payments, yet nevertheless receive further calls, may state claims for repeated phone calls notwithstanding a debt collector's compliance with the presumptively reasonable frequency of calls. The nature and pattern of Defendant's phone calls further illustrate the harassing and oppressive intent behind, and nature of, Defendant's calls. Defendant's violations of the relevant statutes and regulations caused Plaintiff harm in the form of invasion of privacy stemming from Defendant's persistence in placing unwanted phone calls to Plaintiff's cellular phone. Furthermore, Regulation F clarifies that communicating with a consumer through a medium after that consumer has requested no communications through such medium – as occurred here – constitutes harassing and oppressive conduct in itself. Defendant's violations of the relevant statutes and regulations caused Plaintiff harm in the form of invasion of privacy stemming from Defendant's persistence in placing unwanted and repeated phone calls to Plaintiff's cellular phone.

b. **Violations of FDCPA § 1692e**

29. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

30. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

31. Defendant violated §§ 1692e and 1692e(10) when it deceptively continued communicating with Plaintiff through his cellular phone despite Plaintiff having made Defendant aware such communications were unwanted by way of demanding that they cease in calling him. Defendant falsely and deceptively represented its ability to continue such calls since, under the binding regulations, Defendant was precluded from engaging in such conduct. Defendant's deceptive conduct was designed to compel Plaintiff's payment on the debt through undue and deceptive means.

c. **Violations of FDCPA § 1692f**

32. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

33. Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on a debt by continuing to call Plaintiff's cellular phone despite the nature of the conversations between the parties.

WHEREFORE, Plaintiff, RONALD R. LOLLIS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

6

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3); and

e. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

### COUNT II – VIOLATIONS OF THE NORTH CAROLINA COLLECTION AGENCY ACT

34. Plaintiff restates and realleges paragraphs 1 through 20 as though fully set forth herein.

35. Plaintiffs are "consumer[s]" as defined by N.C. Gen. Stat. § 58-70-90(2).

36. Defendant is a "debt collector" as defined by N.C. Gen. Stat § 58-70-90(1).

    a. **Violations of NCCAA § 58-70-100**

37. The NCCAA, pursuant to N.C. Gen. Stat. § 58-70-100, provides that "[n]o collection agency shall use any conduct, the natural consequence of which is to oppress, harass, or abuse any person in connection with the attempt to collect any debt. Further, pursuant to N.C. Gen. Stat. § 58-70-100(3), collection agencies are prohibited from "causing a telephone to ring or engaging a person in telephone conversation with such frequency as to be unreasonable or to constitute a harassment to the person under the circumstances . . ."

38. Defendant violated §§ 58-70-100 and 58-70-100(3) through its harassing efforts to collect a debt from Plaintiff by placing calls to Plaintiff without his consent.

    b. **Violations of NCCAA § 58-70-110**

39. The NCCAA, pursuant to N.C. Gen. Stat. § 58-70-110, provides that "No collection agency shall collect or attempt to collect a debt or obtain information concerning a consumer by any fraudulent, deceptive or misleading representation."

7

40. Defendant violated §§ 58-70-110 through its harassing efforts to collect a debt from Plaintiff by placing calls to Plaintiff without his consent. Defendant falsely and deceptively represented its ability to continue such calls since, under the binding regulations, Defendant was precluded from engaging in such conduct. Defendant's deceptive conduct was designed to compel Plaintiff's payment on the debt through undue and deceptive means.

    c. **Violations of NCCAA § 58-70-115**

41. The NCCAA, pursuant to N.C. Gen. Stat. § 58-70-115, provides that "[n]o collection agency shall collect or attempt to collect any debt by use of any unfair practices."

42. Defendant violated §§ 58-70-115 when it unfairly and unconscionably attempted to collect on a debt by continuing to call Plaintiff's cellular phone despite the nature of the conversations between the parties.

WHEREFORE, Plaintiff, RONALD R. LOLLIS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b. Awarding Plaintiff statutory damages, pursuant to N.C. Gen. Stat. § 58-70-130(b), of $4,000 per violation;

    c. Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 58-70-130(a);

    d. Awarding Plaintiff reasonable attorneys' fees and costs, pursuant to N.C. Gen. Stat. §§ 58-70-130(c) & 75-16.1;

    e. Enjoining Defendant from further violations of law; and

    f. Awarding Plaintiff any other relief as the Honorable Court deems just and appropriate.

**SIGNATURE PAGE FOLLOWS**

Respectfully submitted, this the 10th day of January, 2023.

| /s/ Nathan C. Volheim | /s/Matthew R. Gambale |
|---|---|
| NATHAN C. VOLHEIM | MATTHEW R. GAMBALE |
| IL Bar No. 6302103 | N.C. Bar No. 43359 |
| SULAIMAN LAW GROUP, LTD. | OSBORN GAMBALE BECKLEY & BUDD PLLC |
| 2500 South Highland Ave., Suite 200 | 721 W. Morgan Street |
| Lombard, Illinois 60148 | Raleigh, North Carolina 27603 |
| nvolheim@sulaimanlaw.com | matt@counselcarolina.com |
| T: 630.568.3056 | T: 919.373.6422 |
| F: 630.575.8188 | F: 919.578.3733 |
| *Attorneys for Plaintiff* | *Local Civil Rule 83.1(d) Attorneys for Plaintiff* |